United States District Court
District of Massachusetts

| | |
|---|---|
| Dennis Sena,<br><br>    Petitioner,<br><br>    v.<br><br>Steven Kenneway,<br><br>    Respondent. | Civil Action No.<br>19-10254-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the petition of Dennis Sena ("Sena" or "petitioner") for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] Pending before the Court is the motion of Sena for stay and abeyance and the motion of Superintendent Steven Kenneway ("respondent" or "the Commonwealth") to dismiss Sena's habeas petition.

On February 20, 2020, Magistrate Judge Judith G. Dein entered a Report and Recommendation ("R&R") recommending that the Court 1) allow petitioner's motion for stay and abeyance

---

[1] In the state court record, petitioner's name is spelled "Senna". This Court will, however, spell petitioner's name as he spells his own name in submissions to this Court: "Sena".

with respect to ground eight alleging ineffective assistance of appellate counsel; 2) allow respondent's motion to dismiss as to grounds one and three through seven, which petitioner has voluntarily withdrawn; and 3) otherwise deny both motions. The Commonwealth filed a limited objection to the R&R.

The facts and procedural history are provided in detail in the R&R with which the Court assumes familiarity.

I.  **Motions to Amend the Protective Orders**

   A.  **Legal Standard**

When a district court refers a dispositive motion to a magistrate judge for recommended disposition, it must

> determine de novo any part of the magistrate judge's disposition that has been properly objected to.

Fed. R. Civ. P. 72(b)(3).

In the present case that includes the recommendation to stay this case to allow the petitioner time to exhaust his claim of ineffective assistance of counsel (ground eight) in state court.

A federal court cannot consider a § 2254 habeas petition unless each claim presented in the petition has been fully exhausted in state court. § 2254(b)(1)-(2). A "mixed" petition, or one containing both exhausted and unexhausted claims, may be

stayed and held in abeyance in some "limited circumstances" to allow a petitioner to exhaust his state remedies. Rhines v. Weber, 544 U.S. 269, 275-79 (2005)[2]. Otherwise, the petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 515, 520 (1982).

In effect, the stay and abeyance procedure allows a petitioner to exhaust state remedies and return to federal court without running afoul of the statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Rhines, 544 U.S. at 275. Such a procedure "frustrates AEDPA's twin aims of . . . finality . . . and streamlining federal habeas proceedings" and should therefore be granted in the limited circumstances where a petitioner can demonstrate

> that there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics.

---

[2] The Commonwealth objects to the statement in the R&R that "the parties agree [that ground two of the petition] has been exhausted" and seeks to preserve the issue for future argument. The Court will nevertheless treat ground two as exhausted and Sena's petition as mixed for purposes of analyzing whether he has made the requisite showing for a stay with respect to his claim of ineffective assistance of counsel, which all parties agree has not been exhausted. See Roman v. Ryan, No. 12-30160, 2014 WL 5112112, *2 (D. Mass. Oct. 10, 2014).

Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 2007) (citing Rhines, 544 U.S. at 278). The "good cause" requirement may be applied more loosely to a pro se petition. Id. at 5 n.3.

**B.   Application**

Magistrate Judge Dein recommended staying this action and holding Sena's petition in abeyance pending exhaustion of his claim of ineffective assistance of appellate counsel in state court. The Court will reject that recommendation because it finds that Sena has not demonstrated "good cause" for failing to exhaust that claim.

The United States Supreme Court in Rhines did not define precisely what constitutes "good cause." Various district courts analyzing the issue have, however, considered several relevant factors, including 1) the nature of the claim; 2) the petitioner's efforts to exhaust; and 3) whether the petitioner is proceeding pro se. See, e.g., Womack v. Saba, No. 11-cv-40138, 2012 WL 685888, *2-3 (D. Mass. Mar. 1, 2012); Cueto v. McNeil, No. 08-2265, 2010 U.S. Dist. LEXIS 44819 (S.D. Fla. Mar. 12, 2010).

Magistrate Judge Dein concluded that Sena had demonstrated "good cause" because he actively pursued counsel to file a motion for a new trial in state court and was only able to

obtain such counsel shortly before the limitations period for his federal habeas petition was about to expire.  Magistrate Judge Dein underscored the difficulties of pursing a claim of ineffective assistance of counsel pro se and concluded that Sena should not be penalized for the delay he experienced in diligently pursuing counsel.

As emphasized by the Commonwealth, however, proceeding pro se "does not excuse a petitioner from the exhaustion requirement." Rose, 455 U.S. at 520 ("Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement."); Reyes v. Pepe, No. 10-10323-GAO, 2011 WL 740755, at *1 (D. Mass. Feb. 24, 2011) ("[H]is pro se status at the time of filing does not alone relieve him of habeas exhaustion requirements.").  Furthermore, Sena filed a habeas petition pro se in this Court just two days after counsel was appointed to pursue his claims in state court.  In that petition, Sena articulated his claim of ineffective assistance of counsel which demonstrates that he had both the opportunity and ability to pursue state court collateral relief while awaiting the appointment of counsel.  His failure to do so for more than six months while he sought the appointment of counsel does not

amount to "good cause" sufficient to excuse compliance with the exhaustion requirement.

Although the Court is also skeptical of the merits of Sena's claim of ineffective assistance of appellate counsel, it does not need to consider them because the lack of good cause for Sena's failure to exhaust his remedies bars this Court from granting habeas relief.

**ORDER**

For the forgoing reasons,

a) the Commonwealth's objection to the Report and Recommendation ("R&R") (Docket No. 54) that petitioner Dennis Sena cannot establish "good cause" for failing to exhaust his claims in state court is **SUSTAINED** and to that extent the R&R is **REJECTED**;

b) the R&R (Docket No. 51) is otherwise **ACCEPTED** and **ADOPTED**; and

c) the petition of Dennis Sena (Docket No. 1) for habeas corpus relief pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 24, 2020